No. 17-1096

# UNITED STATES COURT OF APPEALS

# FOR THE FEDERAL CIRCUIT

---

**Lifetime Industries, Inc.**
*Plaintiff-Appellant,*

v.

**Trim-Lok, Inc.**
*Defendant-Appellee*

---

Appeals from the United States District Court for the Northern District of Indiana
in Case No. 3:13-cv-819, Judge Robert L. Miller.

---

## OPENING BRIEF OF PLAINTIFF-APPELLANT
## LIFETIME INDUSTRIES, INC.

Michael D. Marston
Garrick T. Lankford
Botkin & Hall, LLP
105 E. Jefferson Blvd.
Suite 400
South Bend, Indiana 46601
Telephone: 574-234-3900
mmarston@bhlawyers.net
glankford@bhlawyers.net

*Attorneys for Plaintiff-Appellant*

December 20, 2016

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Plaintiff-Appellant hereby certifies the following:

1.    The full name of every party represented by me is:

Lifetime Industries, Inc.

2.    The real name of the party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Lifetime Industries, Inc.

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me is:

LTI Holdings, Inc. owns more than 10% of Lifetime Industries, Inc.

4.    The names of all firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:  Kreig DeVault, LLP: Mark Boveri

# TABLE OF CONTENTS

**Contents**

TABLE OF AUTHORITIES ........................................................................v

TABLE OF ABBREVIATIONS ........................................................... viii

STATEMENT CONCERNING ORAL ARGUMENT........................... ix

STATEMENT OF RELATED CASES ..................................................x

I.    JURISDICTIONAL STATEMENT ..............................................1

II.   STATEMENT OF ISSUES ON APPEAL......................................2

III.  STATEMENT OF THE CASE ......................................................3

   A.  Factual Background and Events Occurring Before the Case that is the
       Subject of the Appeal .........................................................3

   B.  Procedural History of the Case..............................................3

V.    SUMMARY OF THE ARGUMENT.............................................9

VI.   ARGUMENT...............................................................................13

   A.  Standard of Review ...........................................................13

   B.  LTI's has Properly Pleaded a Claim for Direct Infringement which is a Strict
       Liability Offense...............................................................16

   C.  The SAC Properly Pleaded a Claim for Direct Infringement According to
       Form 18 at the Time it was Filed .......................................20

D.   LTI has Properly Pleaded a Claim of Induced Infringement ..........................23

E.   LTI has Properly Pleaded a Claim for Contributory Infringement ................28

VII.   CONCLUSION AND RELIEF SOUGHT ......................................................30

**TABLE OF AUTHORITIES**

**Cases**

*Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).............................14

*Aro. Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)... 12, 28

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)………………………………………… passim

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)…………………………… passim

*Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008) .........23

*Bruce v. Guernsey*, 777 F.3d 872, 875 (7th Cir. 2015)...........................................13

*DSU Med. Corp. v. JMS Co.*, 471, F.3d 1293, 1306 (Fed. Cir. 2006)............. 23, 25

*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) ....... 11, 12, 28

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)............................................................... 10, 13, 15

*K-Tech Telcomms. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (2013)........... 10, 15

*Lexmark Int'l, Inc. v. Impression Prods.*, 816 F.3d 721, 771 (2016) .................9, 16

*Lyda v. CBS Corp.*, 2016 U.S. App. Lexis 17694 (Fed. Cir. 2016) .......................22

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989)........................................................14

*Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 20 (Fed. Cir. 1984) ................................................................................. 18, 19

*Pfizer, Inc. v. Apotex, Inc.*, F3d. 1377, 1380 (Fed. Cir. 2007)................................15

*Reger Dev. LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010)................26

*Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143 (7th Cir. 2010) ..................... 14, 26

*Ricoh Co. Ltd. v. Quanta Computer, Inc.*, 550 F.3d 1325, 1341 (Fed. Cir. 2008)..27

*Stukenborg v. United States*, 178 Ct. Cl. 738, 749 (1967)......................................18

*Trim-Lok, Inc. v. Lifetime Industries, Inc.*, Case No. CV13-1141 (C.D. Ca. 2013)..3

*Unisone Strategic IP, Inc. v. Life Techs. Corp.*, 2013 U.S. Dist. LEXIS 151761,

2013 WL 5729487, at *10 (S.D. Cal. 2013)................................................. 12, 28

## Statutes

§ 35 U.S.C. 271(a) ....................................................................................................19

28 U.S.C. §§1331 ........................................................................................................1

28 U.S.C. §1295(a)(1) .................................................................................................1

28 U.S.C. §1338 ..........................................................................................................1

35 U.S.C § 271(a) .................................................................................. 2, 9, 16, 19

## Rules

Fed. R. Civ. P. 12(b)(6)……………………………………………...………… passim

Fed. R. Civ. P. 84 .................................................................................. 10, 15, 20

Fed. R. Civ. P., Appendix of Forms, Form 18……………………...……… passim

Rule 8 ........................................................................................................................15

Rule 8(a)(2) ...............................................................................................................20

**Orders**

Supreme Court of the United States, *Order Regarding Amendments to the Federal Rules of Civil Procedure* (U.S. Apr. 29, 2015),

https://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf... 11, 15, 22

# TABLE OF ABBREVIATIONS

| | |
|---|---|
| '590 patent | U.S. Patent No. 6,966,590 |
| Accused Product | Trim-Lok's photographed product shown in Exhibit B of the Second Amended Complaint (Appx202-203), and further photographed in Exhibit D of LTI's Response to Trim-Lok's Motion to Dismiss The Second Amended Complaint (Appx242-246). |
| FAC | First Amended Complaint (Appx037-043). |
| LTI | Lifetime Industries, Inc. - Plaintiff-Appellant |
| Motion to Dismiss | Trim-Lok's Motion to Dismiss The Second Amended Complaint (Appx204-205). |
| RV | Recreational Vehicle or "mobile living quarters" as described in claims of the '590 patent (Appx296-300). |
| SAC | Second Amended Complaint (Appx188-199). |
| Trim-Lok | Trim-Lok, Inc. – Defendant-Appellee |

**STATEMENT CONCERNING ORAL ARGUMENT**

Appellant Lifetime Industries, Inc. ("LTI") requests oral argument. This case appeals the misapplication of law. Form 18 was applicable to direct infringement alleged in LTI's SAC at the time it was filed and for over a year thereafter. However, the District Court retroactively applied new law to LTI's SAC which prejudicially dismissed its case when it had no notice that approximately two years after filing its SAC a different standard would be applied. Additionally, the new standard of law was misapplied even if the new standard for pleading direct infringement was applicable. Further, after citing the well-established scienter for induced and contributory infringement, the District Court ignored the relevant facts pleaded in the SAC that established that scienter. Oral argument will provide an opportunity to aid this Court in its decision pursuant to Rule 34(a)(2)(C).

**STATEMENT OF RELATED CASES**

Pursuant to Federal Circuit Rule 47.5, Plaintiff-Appellant provides as follows:

(a)     There have been no previous appeals in this case; and

(b)     Plaintiff-Appellant is not aware of any other cases that will directly affect or be directly affected by the Court's decision in this case.

# I. JURISDICTIONAL STATEMENT

This is a patent infringement case. Lifetime Industries, Inc. ("LTI") began this action by filing a Complaint alleging patent infringement. The District Court for the Northern District of Indiana, South Bend Division, Case No. 3:13-cv-819, Judge Robert L. Miller presiding, had jurisdiction of the case pursuant to 28 U.S.C. §§1331 and 1338. This appeal is from the Final Judgment Order of September 30, 2016, (Appx276-287) which disposed of all claims in that case. Plaintiff, LTI, timely filed its Notice of Appeal with the District Court on October 20, 2016 (Appx289-290) and served a copy on all parties of record. This Court has jurisdiction pursuant to 28 U.S.C. §1295(a)(1).

## II. STATEMENT OF ISSUES ON APPEAL

1.      Whether the District Court requiring knowledge on the strict liability claim of direct infringement was error.

2.      Whether the District Court imposing a rule change that took place over a year after the SAC was filed was error.

3.      Whether the District Court's failure to consider the well-pleaded facts that the Defendant had knowledge and specific intent to induce infringement before the infringement occurred was error.

4.      Whether the District Court's failure to consider previous sources of knowledge confirming the Defendant knew it induced infringing acts was error when the Court dismissed the contributory infringement claim.

## III.  STATEMENT OF THE CASE

### A. Factual Background and Events Occurring Before the Case that is the Subject of the Appeal

On July 12, 2013, LTI sent Trim-Lok, Inc. ("Trim-Lok") a cease and desist letter regarding Trim-Lok's infringement of the United States Patent No. 6,966,590 (the "'590 patent").  (Appx252).  On July 29, 2016, Trim-Lok filed a declaratory judgment action seeking invalidation of the '590 patent. (*Trim-Lok, Inc. v. Lifetime Industries, Inc.*, Case No. CV13-1141 (C.D. Ca. 2013)).  The Court dismissed that case and it is not the subject of the present appeal.

### B. Procedural History of the Case

LTI discovered the Accused Product assembled to an RV at RV manufacturer Forest River's assembly plant in June of 2013.  (Appx190).  On August 12, 2013, LTI sued Trim-Lok alleging direct, induced, and contributory infringement of the '590 patent.  The '590 patent covers a combination of a specially designed seal attached to a recreational vehicle ("RV").[1]  On November

---

[1] The specially designed seal that is the subject of the '590 patent is designed to seal slide out rooms on RVs.  Slide-out rooms are frequently used to enlarge the space within an RV by having an extendable room that slides out of the main body. This is shown in FIG. 1 of the '590 patent (Appx297).  The slide-out room is extended when the RV is parked and retracted during movement of the RV.  A seal is used to prevent water, debris, and excessive air drafts from entering the interior of the RV from around the slide-out room.  (Appx299).

4, 2013, Trim-Lok moved to dismiss the case arguing that it was not on notice as to the identity of its Accused Product. (Appx022). On November 20, 2013, LTI filed its First Amended Complaint ("FAC") (Appx037-043) in response to Trim-Lok's motion to dismiss the original Complaint. On December 4, 2013, Trim-Lok moved to dismiss the FAC (Appx052-053). On September 23, 2014, the District Court granted Trim-Lok's motion to dismiss the FAC allowing leave to amend the FAC to further identify Trim-Lok's Accused Product. (Appx186-187). On October 13, 2014, with the District Court's leave, LTI filed its Second Amended Complaint ("SAC") against Trim-Lok alleging direct, induced, and contributory infringement of all six claims of the '590 patent. (Appx188-199). The SAC included annotated pictures that identified Trim-Lok's Accused Product. (Appx202-203).

On October 24, 2014, in response to the SAC, Trim-Lok filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Appx204-205). Trim-Lok argued that "(1) LTI has not adequately identified the accused products and placed Trim-Lok on notice of the accused device for LTI's direct infringement claim, (2) LTI has failed to plead, and in fact, cannot plead, sufficient facts to support a claim for direct infringement, and (3) LTI has not adequately pled the scienter requirement for induced infringement." (Appx211). Trim-Lok also argued to dismiss the contributory infringement count. (Appx219). Notwithstanding that Trim-Lok admitted its Accused Product had been installed on an RV and that "Forest River is

the direct infringer that makes RVs," Trim-Lok argued the direct infringement count should be dismissed because the product was not identified. (Emphasis added) (Appx216). Thus, Trim-Lok admitted the underlying direct infringement, a necessary element for the claims of induced and contributory infringement.

In its Order, the District Court found LTI properly identified the Accused Product.[2] (Appx282). Accordingly, the Court found that Trim-Lok **was on notice** as to the identity of the infringing product. *Id.* The District Court gave two reasons why it found the Accused Product was sufficiently identified and Trim-Lok was on notice. First, the District Court found that Trim-Lok knew the identity of its Accused Product at the time of LTI's cease and desist letter dated June 12, 2013, long before the SAC was filed. (Appx281). The District Court noted that, in an affidavit filed in Trim-Lok's previous declaratory judgment action, Trim-Lok's Marketing Manager, Dan Whitener, attested "he believed all of the documents involved in the sales and marketing of what he believed to be the accused product referenced in LTI's July 12, 2013 cease and desist [letter] were located in Buena Park, California." (Appx281-282). Second, the District Court found LTI

_____

[2] During the nearly two years while Trim-Lok's Motion to Dismiss was pending, Trim-Lok filed two motions to request the District Court rule on its Motion to Dismiss. (Appx274-275). The District Court granted Trim-Lok's Motion to Dismiss the SAC in full on September 29, 2016. (Appx276-287).

sufficiently identified the Accused Product when it provided "photographs of the actual device." (Appx281). The Court ruled, "The court, accordingly, finds for purposes of the motion to dismiss that the second amended complaint provides a sufficient description of the infringing device to satisfy the notice requirements." (Appx282). Accordingly, the Court erred when it dismissed the SAC based on LTI's alleged failure to identify the Accused Product.

Despite the Court's ruling there were two different reasons supporting its finding the Accused product was properly identified, the District Court nevertheless dismissed LTI's direct infringement count. In its dismissal, the District Court incorrectly declared "[t]o state a plausible claim for direct infringement and survive dismissal, LTI must allege facts which if true, would show that Trim-Lok **<u>knew</u>** about the '590 patent in June 2013, and **<u>knew</u>** that it was infringing on the patent when it allegedly made, used, or sold the 'patented invention', without LTI's authorization."[3] (Appx282) (Emphasis added). The District Court concluded that LTI "hasn't done so," and dismissed LTI's direct infringement claim on the basis that LTI had not alleged Trim-Lok **<u>knew</u>** it was infringing. (Appx282).

_____

[3] This is simply not the law for direct infringement. 35 U.S.C. § 271(a) has no knowledge element.

However, two sentences after finding Trim-Lok did not know, the District

Court found Trim-Lok did know; "knowledge might be imputed to the Trim-Lok

'employee, representative, or agent' who assisted in, directed, or installed the seal

on the RV at Forest River."  (Appx282).  The Court was referring to Trim-Lok's

hiring of two LTI employees having significant knowledge of the '590 patent and

the seals covered thereby before the infringement occurred.  (Appx190-191).  The

District Court acknowledged that "[t]he amended complaint alleges that Trim-Lok

gained knowledge of the '590 patent from at least one former LTI employee before

June 2013."  (Appx282).  However, the District Court dismissed LTI's

contributory and induced infringement counts based on its determination of when

Trim-Lok gained knowledge of the '590 patent.  Instead of recognizing the

knowledge Trim-Lok gained of the '590 patent and its scope of coverage from its

employees before June 2013, the District Court determined Trim-Lok's knowledge

of the '590 patent came from the July 2013 cease and desist letter, received after

the alleged infringement in June 2013.  The District Court did not consider its own

statement regarding imputed knowledge from LTI's pleading that Trim-Lok's

knowledge of the '590 patent that came "from at least one former LTI employee

before June 2013."  (Appx282).  The District Court thought the July 2013 cease

and desist letter provided notice of the '590 patent "well after the infringing acts."

(Appx286) and concluded Trim-Lok did not have the requisite knowledge for

induced and contributory infringement.  Based upon that conclusion, the District Court improperly dismissed the SAC.

## IV.   STATEMENT OF FACTS

The '590 patent is titled "Two-Part Seal for a Slide-Out Room" and is used for sealing slide out rooms attached to mobile living quarters.  (Appx296-300).  In this case, mobile living quarters described in the claims refers to what is commonly called a recreational vehicle ("RV").  *See* Col. 2:30-40 (Appx299).  Claims 1 through 5 cover a device in which a seal is combined with an RV.  *See* Col. 4:6-42 (Appx300).  Claim 6 is a method claim in which a seal is combined with an RV according to the steps listed.  *See* Col. 4:43-64 (Appx300).  Generally, the claims of the '590 patent require the combination of a seal having a bulb portion and mounting portion in combination with an RV.

Trim-Lok was aware of what would infringe the '590 patent before any acts of infringement because it is undisputed that Trim-Lok hired two former LTI employees having significant knowledge of the '590 patent and the seals covered thereby.  (Appx190-191).  Three months before the alleged infringement, Andrew Busch, an engineer, left LTI on or around March 1, 2013 and was working at Trim-Lok by April 1, 2013.  (Appx190-191).  Shortly thereafter, Daryl Torrey, another engineer, left LTI on or around May 3, 2013 and was working at Trim-Lok by June of 2013.  (Appx191).

It is undisputed by Trim-Lok that it installed its Accused Product on an RV, nor does it dispute that its Accused Product in combination with an RV infringes the '590 patent. In fact, Trim-Lok confirmed the infringing nature of its installed Accused Product when it declared that "Forest River is the direct infringer." (Appx216).

## V.  SUMMARY OF THE ARGUMENT

The District Court erred when it required knowledge for a claim for direct infringement, even though 35 U.S.C. §271(a) is a strict liability offense. The District Court seeks to impose a nonexistent burden on LTI to allege facts that Trim-Lok "knew about the '590 patent" in order to assert a claim of direct infringement. (Appx282). However, "[D]irect infringement, §271(a), [is] a strict-liability offense in which a defendant's mental state is irrelevant." *Commil USA, LLC v. Cisco Sys.*, 135 S. Ct. 1920, 1922 (2015) ; *Lexmark Int'l, Inc. v. Impression Prods.*, 816 F.3d 721, 771 (2016) ("§ 271(a) sets a 'strict-liability' standard." (citing *Commil USA, LLC* at 1926)). Therefore, the Court below erred by dismissing the direct infringement claim.

Had the District Court considered LTI's direct infringement count under the "strict-liability" standard of direct infringement, it would have concluded LTI had stated a proper claim for direct infringement. LTI alleged that Trim-Lok employees or representatives "directly installed the Accused Product on an RV at

Forest River for use with a slide-out room." (Appx190). LTI further alleged, "The installation was for the purpose of test fitting the Accused Product on a Forest River RV having a slide-out room and to solicit sales of the Accused Product to Forest River." (Appx194). If the District Court had accepted the allegations[4] that Trim-Lok was the assembler of the patented combination and not required Trim-Lok to know it was infringing, the District Court could not have dismissed the claim for direct infringement.

Compounding the error, the District Court *ex post facto* applied the later plausibility standard of *Twombly-Iqbal*[5] instead of Form 18 to direct infringement. Form 18 was the applicable standard at the time the SAC was filed and for more than a year thereafter. Federal Rule of Civil Procedure 84 provides forms, including Form 18, in an Appendix to the Rules and "[P]roper use of a form contained in the Appendix of Forms effectively immunizes a claimant from attack regarding the sufficiency of the pleading." *K-Tech Telcomms. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (2013) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)) (quoting Fed. R. Civ. P. 84). Long after the SAC was filed, Form 18 was eliminated from

_____

[4] As the Trial Court must do for purposes of a Rule 12(b)(6) motion.
[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

the Federal Rules.  Effective December 1, 2015, Form 18 was abrogated.  Supreme

Court of the United States, *Order Regarding Amendments to the Federal Rules of*

*Civil Procedure* (U.S. Apr. 29, 2015),

https://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf.

LTI filed its SAC on October 13, 2014 (Appx188-199), over a year before

the December 1, 2015 rule change.  The only issue the District Court found with

the direct infringement count in the FAC was the identity of the Accused Product

(Appx180) and the Court ruled that "for purposes of the motion to dismiss that the

second amended complaint provides a sufficient description of the infringing

device to satisfy the notice requirements."  (Appx282).  Thus it was error for the

District Court to dismiss the SAC by applying the standard of *Twombly-Iqbal*

when it had previously applied Form 18 to the FAC (Appx186).

The District Court erred in dismissing LTI's claim of induced infringement

by failing to consider Trim-Lok's knowledge of the '590 patent through two

employees with personal knowledge about the '590 patent and infringing products

it poached from LTI.  To prevail on a claim of induced infringement, the defendant

must know "that the induced acts constitute patent infringement."  *Global-Tech*

*Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).  The alleged infringement

took place in June 2013 (Appx194), after both former LTI employees were

working for Trim-Lok.  The District Court acknowledged LTI pleaded facts that

Trim-Lok's employees provided knowledge ahead of the infringement and stated that "[t]he amended complaint alleges that Trim-Lok gained knowledge of the '590 patent from at least one former LTI employee before June 2013." (Appx282). However, the Court overlooked its own findings of these well-pleaded facts and instead chose the later receipt of LTI's July 12, 2013 cease and desist letter as the source of Trim-Lok's knowledge, stating "that occurred in July 2013, well after the infringing acts alleged in the complaint." (Appx287). The Court erred by ignoring the very facts it found indicated Trim-Lok had knowledge of infringement before its infringing acts.

Similar to the induced infringement claim, the District Court erred in dismissing LTI's claim of contributory infringement by failing to consider previous sources of knowledge that indicated Trim-Lok knew at the time it supplied its specially adapted product created infringement. Under contributory infringement, an infringer must know "that the combination for which his component was especially designed was both patented and infringing." *Global-Tech Appliances, Inc.* at 754, 763 (2011) (citing *Aro. Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)). "[U]unlike a claim for induced infringement, a claim for contributory infringement does not require a showing of specific intent to cause infringement." *Unisone Strategic IP, Inc. v. Life Techs.*

*Corp.*, 2013 U.S. Dist. LEXIS 151761, 2013 WL 5729487, at \*10 (S.D. Cal. 2013).

The District Court ignored the allegations that Trim-Lok gained knowledge from its employees and was aware of the patent and its coverage long before Trim-Lok's acts to contribute to infringement. The facts are that Trim-Lok hired LTI's former employees, having intimate knowledge of LTI's '590 patent, and those same employees worked for Trim-Lok before the infringement took place. In this case, Plaintiff alleges and it is undisputed that Trim-Lok put their Accused Product, only good for infringing the '590 patent, into a Forest River assembly plant that assembles RVs having slide-out rooms. Trim-Lok never disputes their Accused Product has no substantial non-infringing use. Trim-Lok fully expected that the Accused Product with no non-infringing uses would be used to seal slide-out rooms and infringe the '590 patent. Indeed, the whole purpose of providing the Accused Product was as a sales effort to induce one of the largest RV manufacturers to purchase and use the Accused Product on RVs.

## VI. ARGUMENT

### A. Standard of Review

This Court reviews a district court's dismissal for failure to state a claim under the law of the regional circuit. *In re Bill of Lading* at 1331. The Seventh Circuit reviews a district court's dismissal for failure to state a claim under Fed. R.

Civ. P. 12(b)(6) *de novo*. *Bruce v. Guernsey*, 777 F.3d 872, 875 (7th Cir. 2015). Although pleading standards regarding the specificity needed to satisfy Rule 8 have changed, we have a notice pleading model that does not require a plaintiff to include every fact in its complaint. *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).

In determining the sufficiency of a claim, the Court construes the complaint in the light most favorable to the non-moving party, accepts all well-pleaded facts as true, and draws all inferences in the non-moving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (internal citations omitted). If well-pleaded factual allegations are present in the complaint, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). Additionally, Rule 12(b)(6) does not provide for "dismissals based on a judge's disbelief of a complaint's factual allegations." *Iqbal*, at 696 (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

14

At the time the SAC was filed, F. R. Civ. P. Form 18 was a national form setting the minimum pleading of a Complaint for direct patent infringement, and if the requirements of Form 18 were met, then "bare allegation of literal infringement in accordance with Form [18] would be sufficient under Rule 8 to state a claim." *K-Tech* at 1284 (internal citations omitted). "To the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleadings requirements, the Forms control." *K-Tech* at 1283 (citing *In re Bill of Lading* at 1334). Form 18 applied in all Circuits for all direct patent infringement cases. *See Pfizer, Inc. v. Apotex, Inc.*, F3d. 1377, 1380 (Fed. Cir. 2007). As *Bill of Lading* explained, "Federal Rule of Civil Procedure 84 provides 'the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.'" *K-Tech* at 1283 (citing *Bill of Lading* at 1334 (quoting Fed. R. Civ. P. 84)). "[P]roper use of a form contained in the Appendix of Forms effectively immunizes a claimant from attack regarding the sufficiency of the pleading." *Id*. Long after the SAC was filed, Form 18 was eliminated from the Federal Rules effective December 1, 2015. Supreme Court of the United States, *Order Regarding Amendments to the Federal Rules of Civil Procedure* (U.S. Apr. 29, 2015).

### B. LTI has Properly Pleaded a Claim for Direct Infringement which is a Strict Liability Offense

The District Court, in its Order dismissing the SAC, measured LTI's SAC against an incorrect rule of law on its claim of direct infringement. The Court required that LTI must allege facts that Trim-Lok "knew about the '590 patent" in order to have a plausible claim of direct infringement. (Appx282). The Court's rationale for dismissing the SAC under Rule 12(b)(6) contradicts the well-established rule that direct infringement is a strict liability offense. "[D]irect infringement, §271(a), [is] a strict-liability offense in which a defendant's mental state is irrelevant." *Commil* at 1922; *Lexmark Int'l, Inc. v. Impression Prods*., 816 F.3d 721, 771 ("§ 271(a) sets a 'strict-liability' standard." (citing *Commil USA, LLC*, at 1926)). Because direct infringement is a "strict liability" offense, LTI is not required to allege Trim-Lok had any knowledge of the '590 patent, but need only make a plausible allegation that Trim-Lok made the patented combination. Had the District Court considered LTI's direct infringement count under the "strict-liability" standard of direct infringement, it would have concluded LTI had stated a plausible claim for direct infringement in its SAC.

LTI properly pleaded a case for direct infringement. LTI alleged that Trim-Lok employees or representatives "directly installed the Accused Product on an RV at Forest River for use with a slide-out room." (Appx190). The Accused Product was found "installed on an RV" and "mounted adjacent to the opening for the

slide-out opening for the slide-out room on the Forest River RV." (Appx190).

"The installation was for the purpose of test fitting the Accused Product on a Forest River RV having a slide-out room and to solicit sales of the Accused Product to Forest River." (Appx194). Because the Accused Product was a new product, and it is commonplace for seal manufacturers to install their new products for customers, it is not only plausible, but very likely that a Trim-Lok employee installed the Accused Product to demonstrate its suitability. It is reasonable for a salesman representing a seal manufacturer such as Trim-Lok to test fit the Accused Product onto an RV for its customer to demonstrate that their product was suitable for its intended purpose. Thus, LTI has alleged a plausible allegation that a Trim-Lok employee installed its accused product on an RV and made a patented combination, and is therefore a direct infringer of the '590 patent.[6]

Trim-Lok admitted its Accused Product, in combination with an RV, infringes the '590 patent when it declared that "<u>Forest River is the direct infringer</u> that makes RVs." (emphasis added) (Appx216). Therefore, Trim-Lok concedes that its Accused Product, as installed on an RV, meets the limitations of the '590 patent and therefore, infringes the '590 patent. The Court clearly overlooked LTI's allegations that Trim-Lok was assembling the patented combination at their

---

[6] The case did not reach the discovery phase before it was dismissed.

customer's facility for the purposes of testing and soliciting sales. Had the Court considered LTI's allegations in a light most favorable to LTI, as it must do according to established law, it would have concluded LTI made a plausible allegation of direct infringement against Trim-Lok.

The District Court incorrectly believed Trim-Lok's assertion that "a claim for direct infringement of the '590 patent by LTI against Trim-Lok is an impossibility" because Trim-Lok does not make RVs. (Appx215). That position ignores LTI's well-pleaded facts alleging that Trim-Lok itself assembled components to make the patented combination. In the present case, LTI has alleged that Trim-Lok assembled components, including the Accused Product, to meet all of the limitations of claims in the '590 patent. (Appx190, Appx192-194). Therefore, if Trim-Lok made an assembly that falls within the claims of the '590 patent, it became a direct infringer.

The law is well settled that parties creating infringing combinations commit direct infringement. An assembler of components into a patented combination, without regard to their source, forming a patented invention, is a direct infringer. In, *Stukenborg v. United States*, 178 Ct. Cl. 738, 749 (1967) the defendant was held liable for direct infringement for making patented "turnbuckle assemblies constructed entirely from component parts that the defendant purchased." In other words, a defendant accused of direct infringement need not be the manufacturer of

each component, indeed any component, used to make the patented combination, but merely needs to make an "operable assembly of the components of the patented invention, sufficient for testing." *Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 20 (Fed. Cir. 1984). The words "making" and "use" are not defined under § 35 U.S.C. 271(a) for direct infringement but instead are left for judicial interpretation. *Paper Converting. Mach.* at 16. Judicial interpretation indicates that "making" under § 271(a) does not require the alleged infringer make each piece of an infringing combination, just that the accused infringer <u>make the "operable assembly" that forms the patented combination</u>. Additionally, "use" under § 271(a) includes testing a patented combination. *Paper Converting Mach.* at 19. Thus, when LTI alleged Trim-Lok assembled the patented combination, for purposes of testing or demonstration, LTI appropriately alleged that Trim-Lok was an assembler who used the patented combination and therefore, was a direct infringer. LTI never alleged that Trim-Lok makes RVs because such an assertion is not required to find direct infringement. Further, LTI is not required to show that Trim-Lok knew it was infringing to plead a claim of direct infringement. Therefore, LTI has stated a proper claim for direct infringement when it stated that Trim-Lok employees assembled the combination at Forest River and the District Court's requirement that LTI further allege that Trim-Lok knew it was infringing was clear error that led to the count of direct infringement being dismissed.

## C. The SAC Properly Pleaded a Claim for Direct Infringement According to Form 18 at the Time it was Filed

LTI's SAC correctly pleaded a cause of action for direct infringement of the '590 patent in compliance with Form 18. Form 18 requires five basic elements as stated below:

| Elements for Pleading Direct Patent Infringement Specified in Form 18 | Allegation in SAC meeting Form 18 Requirements |
| --- | --- |
| (1) An allegation of Jurisdiction | ¶¶ 4-8 (Appx189) |
| (2) A statement that the plaintiff owns the patent | ¶ 10 (Appx189) |
| (3) A statement that each of the defendants have been and are infringing the patent | ¶¶ 14, 15, 22, 26-32 (Appx190-194) |
| (4) A statement that the plaintiff has given the defendant notice of patent infringement; | ¶ 21 (Appx191) |
| (5) A demand for damages | Prayer for Relief, Page 11 ¶ f) – h) (Appx198) |

The District Court applied *Iqbal* and *Twombly* to a claim for direct infringement, which was inapposite under applicable case law. The SAC was filed on October 13, 2014 in response to the District Court's Order granting leave to amend. (Appx187). Leave to amend and file the SAC was granted because the District Court concluded, "In fairness to Lifetime, its complaint tracked with Form 18, which Federal Rule of Civil Procedure 84 says will suffice under the Rules." (Appx186). It continued stating that "it would be inequitable to deny an opportunity to amend to a plaintiff who followed Rule 84, but not Rule 8(a)(2)." *Id*. Thus, it was clear that the District Court was applying Form 18 to the FAC

when it granted LTI leave to amend, providing LTI an opportunity to file a SAC complying with Form 18. (Appx186).

The only issue the District Court found with the direct infringement count in the FAC was the identity of the Accused Product. (Appx180). The issue of identification was resolved in favor of LTI in the SAC when the District Court found that "for purposes of the motion to dismiss that the second amended complaint provides a sufficient description of the infringing device to satisfy the notice requirements." (Appx281-282).

The Court cited two reasons for finding proper identification and therefore, proper notice. The first reason was a declaration in a prior case in which Trim-Lok's marketing manager, Dan Whitener, attested that: "He believed all of the documents involved in the sales and marketing of what he believed to be the accused product referenced in LTI's July 12, 2013 cease and desist order were located in Buena Park, California." (Appx281-282). The District Court reasoned that if Trim-Lok's marketing manager knew the identity of the product from the written description in the cease and desist letter, it was reasonable to conclude Trim-Lok was aware of which product was being accused of infringement. Additionally, the Court found the "photographs of the actual device" LTI provided to be sufficient identification. (Appx281). Because the SAC provided proper identification, LTI's SAC was in full compliance with Form 18.

Based on LTI's compliance with Form 18, it was improper to dismiss LTI's SAC after complying with the applicable law at the time and the District Court's Order. After receiving the last pleading related to Trim-Lok's Motion to Dismiss, the Court took approximately two years to issue its ruling dismissing the SAC on September 30, 2016. (Appx276-287). During that lengthy time, on December 1, 2015, the Federal Rules were changed and Form 18 was abrogated. Supreme Court of the United States, *Order Regarding Amendments to the Federal Rules of Civil Procedure* (U.S. Apr. 29, 2015). The SAC was filed on October 13, 2014 (Appx188-199), which was **403 days** before the rule change abrogating Form 18. On October 24, 2014, Trim-Lok filed a Motion to Dismiss the SAC. (Appx204-205). As such, LTI's SAC was in compliance with the District Court's Order at the time it was filed and for more than a year thereafter, but the District Court incorrectly applied new law not in existence until long after the SAC was filed.

In a similar case, when a plaintiff had complied with Form 18 on a complaint filed before the Rule change, the court applied the Form 18 to a count of direct infringement. *See Lyda v. CBS Corp.*, 2016 U.S. App. Lexis 17694 (Fed. Cir. 2016). In *Lyda*, their complaint was filed in 2014, as was LTI's SAC, and the court stated in its ruling that "the repeal of Form 18 does not apply to this case." *Id*. at fn 2. Therefore, LTI should be held to compliance with Form 18 as the

District Court required and not be held to a different standard just because the Court took two years to issue a ruling.

### D. LTI has Properly Pleaded a Claim of Induced Infringement

To demonstrate inducement of infringement, the patentee must establish "first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008). "While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice." *DSU Med. Corp. v. JMS Co.*, 471, F.3d 1293, 1306 (Fed. Cir. 2006).

The Court concluded that Trim-Lok did not know the acts they were inducing were infringing at the time, however the District Court ignored the well-pleaded facts in ¶¶ 17-19, and 35 of the SAC (Appx190-191, Appx194-195) and overlooked facts the Court itself acknowledged showing Trim-Lok's knowledge of infringement. As stated previously, Trim-Lok admitted that it considered its Accused Product in combination with an RV to be direct infringement because it accused Forest River of being a direct infringer. (Appx216). As such, Trim-Lok does not dispute that the Accused Product on an RV infringes. Thus, Trim-Lok does not dispute an underlying direct infringement occurred.

In this case, the date of Trim-Lok's knowledge of infringement is critical. The District Court chose to ignore facts pleaded in ¶¶ 17-19, and 35 of the SAC (Appx190-191, Appx194-195) that Trim-Lok knew what would infringe beforehand. The SAC included facts regarding two long term LTI former employees who defected to Trim-Lok and had both intimate knowledge of the '590 patent and the scope of its coverage. One of these employees, Andrew Busch, actually designed seals covered by the '590 patent while at LTI. (Appx190-191). Due to his work at LTI, Mr. Busch "had knowledge of the '590 patent and the products covered thereby." *Id*. Another of Trim-Lok's employees was Daryl Torrey who worked as an engineer during his employment with LTI. (Appx191). He designed manufacturing equipment and tooling for LTI products covered by the '590 patent during his time at LTI. *Id*. As such, "Torrey had knowledge of the '590 patent and the products covered thereby." *Id*. Both of these employees worked for Trim-Lok before the date of infringement, June 2013. (Appx190-191).

The Court stated that LTI "must allege facts which if true, would show that Trim-Lok knew about the '590 patent in June 2013, and knew that it was infringing on that patent when it allegedly made, used, or sold the 'patented invention.'" (Appx282). Then, three sentences later, the Court stated "Trim-Lok appears to concede in its reply that such knowledge might be imputed to the Trim-Lok 'employee, representative, or agent' who assisted, in directed, or installed the seal

24

on the RV at Forest River." *Id*. Moreover, the District Court found that "[t]he amended complaint alleges that Trim-Lok gained knowledge of the '590 patent from at least one former LTI employee before June 2013." (Appx282). Therefore, the Court found that LTI pleaded facts indicating Trim-Lok had knowledge of what would infringe before its acts of infringement.

The District Court ignored both its own findings of fact and LTI's pleaded facts leading to the reasonable inference that Trim-Lok knew of its infringing activity at the time of the alleged infringement in June 2013 through its former LTI employees. Instead, the Court based its dismissal upon the later cease and desist letter. The Court stated that LTI's allegation that "Trim-Lok had knowledge of the'590 patent and the alleged infringement 'at least as early as' its receipt of the cease and desist letter [Doc. No. 32 at ¶ 21], but that occurred in July 2013, well after the infringing acts alleged in the complaint." (Appx286). The Court then determined Trim-Lok only knew of infringement as of the date of the letter in July of 2013. However, LTI pleaded and the Court acknowledged, Trim-Lok was aware (through its employees hired from LTI) that the acts it induced would constitute infringement by April 1, 2013. (Appx190-191). Additionally, LTI pleaded that Trim-Lok's knowledge was demonstrated when its employee, the very same employee that installed the Accused Product, gathered the scraps from installing the product and removed them from Forest River's facility. (Appx194-

195). This was an act of concealment indicating culpability because Trim-Lok knew its product was infringing and sought to thwart its discovery. If no infringement was taking place, Trim-Lok would have no motive to remove the scraps from the facility and would have simply thrown them in the trash. This is the kind of "circumstantial evidence" that *DSU Med.* referred to because, absent any discovery, it is impossible to determine one's state of mind. If defendants can claim ignorance of infringement and succeed on a Rule 12(b)(6) motion to dismiss, a claim of induced infringement could never be brought. The District Court ignored Trim-Lok's actions indicating culpability and Trim-Lok's knowledge of infringement.

In "[E]valuating the sufficiency of the complaint, we construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in her favor." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (citing *Reger Dev. LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Had the Court construed the SAC in a light most favorable to LTI as a non-moving party and accepted well-pleaded facts as true, it would have found LTI's SAC alleged sufficient facts indicating Trim-Lok had knowledge it was infringing the '590 patent at the time it induced Forest River to use its Accused Product.

The District Court ignored facts showing how Trim-Lok induced behavior it knew would result in infringement and that led the District Court to dismiss the SAC. LTI pleaded the fact that Trim-Lok's Accused Product was found in a Forest River Plant used to assemble RVs having slide-out rooms. (Appx190). Trim-Lok does not dispute that the Forest River plant, where the Accused Product was discovered, was a location that assembled RVs having slide-out rooms nor does Trim-Lok dispute that it supplied the Accused Product. As such, Trim-Lok "knew that Forest River would incorporate the Accused Product into an RV having a slide-out room." (Appx195). Further, LTI alleged that Trim-Lok employees assisted or directly installed the seal onto an RV having a slide-out room (Appx196), which would instruct an infringing use. The District Court overlooked the fact that LTI's former employees, then working for Trim-Lok, were aware of the patent and its coverage at the time of these acts.

To have a proper claim for induced infringement, LTI must allege that Trim-Lok intended to induce infringement of the '590 patent. As stated in *Ricoh Co. Ltd. v. Quanta Computer, Inc.*, 550 F.3d 1325, 1341 (Fed. Cir. 2008), "instructing how to engage in an infringing use, show[s] an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged overcomes the law's reluctance to find liability." (citing *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 935 (2005)). LTI alleged that "Defendant's

representative, agent, or employee assisted with the installation, directed the installation, or directly installed the Accused Product on an RV having a slide-out room." *See* ¶ 33 of SAC (Appx194). Thus, LTI pleaded that Trim-Lok instructed an infringing use at a Forest River assembly plant when it directed the installation of the Accused Product. This provides enough of a factual basis to find LTI has sufficiently alleged Trim-Lok intended for Forest River to infringe the '590 patent.

LTI has sufficiently alleged facts from which the District Court should have reasonably inferred that Trim-Lok induced acts it knew were infringing at the time it did so and therefore, the Court erred when it granted Trim-Lok's Motion to Dismiss.

## E. LTI has Properly Pleaded a Claim for Contributory Infringement

The District Court erred in dismissing LTI's claim of contributory infringement by failing to consider previous sources of knowledge that indicated Trim-Lok knew at the time it supplied its specially adapted product created infringement. For contributory infringement, an infringer must know "that the combination for which his component was especially designed was both patented and infringing." *Global-Tech* at 763 (citing *Aro.* at, 488). "[U]unlike a claim for induced infringement, a claim for contributory infringement does not require a showing of specific intent to cause infringement." *Unisone Strategic IP, Inc. v. Life Techs. Corp.*, 2013 U.S. Dist. LEXIS 151761, 2013 WL 5729487, at *10 (S.D. Cal.

2013).  The scienter requirement for contributory infringement requires only knowledge that the supplied component will result in infringement.  For contributory infringement, knowledge that an accused product be especially made or especially adapted for use in an infringement requires that the party contributing to infringement knows of the patent and that the product or activity at issue infringes.  *Global-Tech* at 763.

The District Court ignored facts showing Trim-Lok had many reasons to know its actions would result in infringement.  LTI pleaded facts that Trim-Lok put their Accused Product, only good for infringing the '590 patent, into a Forest River assembly plant that assembles RVs having slide-out rooms.  Trim-Lok never disputes their part has no non-infringing use.  LTI pleaded Trim-Lok's employees knew the Accused Product would be infringing.  LTI alleged that "Forest River requested a quote from Defendants on the Accused Product for use on RVs having slide-out rooms."  (Appx197).  Therefore, Trim-Lok fully expected that the Accused Product would be used to seal slide-out rooms and infringe the '590 patent because Trim-Lok purposely put the Accused Product into a plant assembling RVs having slide-out rooms.  Again, Defendant actually confirmed an underlying direct infringement occurred when they accused Forest River of being a direct infringer.  (Appx216).

Therefore, the District Court overlooked facts pleaded in the SAC that Trim-Lok put its Accused Product in a Forest River assembly plant to assemble what Trim-Lok concedes is an infringing combination that Trim-Lok knew infringed at the time.

## VII. CONCLUSION AND RELIEF SOUGHT

The SAC stated a proper claim for direct infringement as a strict liability offense but the District Court improperly required the additional element of knowledge when it dismissed the claim for direct infringement. The District Court also erred when it dismissed LTI's SAC that was in full compliance with Form 18, because Form 18 was applicable at the time it was filed and still continued to be applicable well over a year thereafter. Regarding the induced and contributory infringement counts, the District Court ignored its own finding that Trim-Lok's gained knowledge of the '590 patent from Trim-Lok's former LTI employees well before infringement occurred. On that basis, the District Court erred in dismissing LTI's contributory and induced infringement claims. Therefore, this case should be remanded and Trim-Lok should be required to answer the SAC. In the alternative, should this Court find LTI's SAC deficient under recently changed pleading standards for direct infringement, fairness dictates that LTI should be granted leave to amend its complaint.

Respectfully submitted:

Dated: December 20, 2016                    By: */s/Michael D. Marston*
                                            Michael D. Marston
                                            mmarston@bhlawyers.net
                                            Garrick T. Lankford
                                            glankford@bhlawyers.net
                                            Botkin & Hall, LLP
                                            105 E. Jefferson Blvd.; Suite 400
                                            South Bend, Indiana 46601
                                            Phone (574) 234-3900
                                            *Attorneys for Plaintiff-Appellant*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

1. This brief complies with the type-volume limitation of Federal rule of Federal Circuit Rule 32(a) or Federal Rule of Federal Circuit Rule 28.1

   This brief contains <u>6,953</u> words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Rule of Federal Circuit Rule 28.1 and the type requirements of Federal Rule of Appellate Procedure 32(a)(6).

   This brief has been prepared in a proportionally spaced typeface using <u>2016 Microsoft Word in 14 Point Times New Roman Font</u>.

Respectfully submitted,

/s/Michael D. Marston
Michael D. Marston
*Attorney for Plaintiff-Appellant*
*Lifetime Industries, Inc.*

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on          December 20, 2016
by:

☐ U.S. Mail

☐ Fax

☐ Hand

☒ Electronic Means (by E-mail or CM/ECF)

| Michael D. Marston | /s/ Michael D. Marston |
|---|---|
| Name of Counsel | Signature of Counsel |

| | |
|---|---|
| Law Firm | Botkin & Hall, LLP |
| Address | 105 E. Jefferson Blvd., Ste. 400 |
| City, State, Zip | South Bend, IN 46601 |
| Telephone Number | 574-234-3900 |
| Fax Number | 574-236-2839 |
| E-Mail Address | mmarston@bhlawyers.net |

NOTE: For attorneys filing documents electronically, the name of the filer under whose log-in and password a document is submitted must be preceded by an "/s/" and typed in the space where the signature would otherwise appear. Graphic and other electronic signatures are discouraged.

Reset Fields

## **ADDENDUM**

# Table of Contents

Memorandum of Law and Authorities in Support of
Trim-Lok's Motion to Dismiss the Complaint…………..….....     Appx022

First Amended Complaint for Patent Infringement….......................     Appx037-043

Trim-Lok's Motion to Dismiss the First Amended Complaint…….     Appx052-053

Opinion and Order (dismissing FAC with leave to amend).............     Appx180-187

Second Amended Complaint…………………............................     Appx188-199

Second Amended Complaint, Ex. B……………………..............     Appx202-203

Trim-Lok's Motion to Dismiss the Second Amended Complaint…     Appx204-205

Memorandum of Law and Authorities in Support of Trim-Lok's
Motion to Dismiss the Second Amended Complaint………………     Appx211-219

Opposition to Trim-Lok's Motion to Dismiss the
Second Amended Complaint, Ex. D – Accused Product…….........     Appx242-246

Opposition to Trim-Lok's Motion to Dismiss the
Second Amended Complaint, Ex. E – Declaration of
Dan Whitner and Cease and Desist……...............................     Appx248-253

Defendant's Motion for a Ruling on Pending 12(b)(6) Motion……     Appx274

Request for Ruling…………………………………………………     Appx275

Opinion and Order (dismissing the case).........................................     Appx276-287

Judgment in a Civil Action…………………..…………..............     Appx288

Notice of Appeal….......................................................................     Appx289-290

Certified Docket……………………………………………………     Appx291-295

'590 Patent………………….…………………………………     Appx296-300

Procedure, such as Form 18 for patent infringement cases, is often deemed to meet applicable pleading standards.  See, K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1283 (Fed. Cir. 2013).  But, "Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement."  Id. at 1284.  "The touchstones of an appropriate analysis under Form 18 are notice and facial plausibility."  Id. at 1286.  Furthermore, "[t]he adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities."  Id.

**B.     Plaintiff's Vague Reference to the Accused Device Does Not Provide Proper Notice**

LTI's complaint [Dkt. No. 1] does not give Trim-Lok proper notice regarding which of its many seal products is/are the subject of this lawsuit.  In K-Tech Telecommunications, Inc., the plaintiff's complaint described the subject matter of its asserted patent, described a regulatory scheme that governed the nature of the defendant's business activity, and referenced defendant's patent that described the methodology at issue.  Id. at 1285.  Based on these facts, the court found the plaintiff's complaint to satisfy the pleading standard of Form 18 to put the defendant on notice that the method used by the defendant to provide its services, which was covered by the defendant's patent and governed by the indicated regulatory schemes, was at issue.

Similarly, in Superior Industries, LLC v. Thor Global Enterprises, the court found the plaintiff's complaint to satisfy the Form 18 standard because attached to the complaint was a press release that provided model numbers of the accused device, and there were repeated communications between the parties regarding the accused device.  Superior Industries, LLC v. Thor Global Enterprises, 700 F.3d 1287, 1295 (Fed. Cir. 2012).

In some jurisdictions, including within the Seventh Circuit, courts require **_specific_**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| LIFETIME INDUSTRIES, INC. | ) | |
| 53208 Columbia Drive | ) | |
| Elkhart, Indiana 46514 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:13-cv-819 |
| | ) | |
| TRIM –LOK, Inc. | ) | |
| 6855 Hermosa Circle | ) | **JURY TRIAL DEMAND** |
| Buena Park, CA 90622 | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Lifetime Industries, Inc. ("LTI"), by and through the undersigned counsel, files this First Amended Complaint for patent infringement against Defendant, Trim-Lok, and hereby alleges as follows:

**NATURE OF THE ACTION**

1.     This is a civil action for patent infringement. Plaintiff's claims are based on the unauthorized, infringing manufacture, use, importation, sale and/or offer for sale by Defendant of its seal products including, for example, the two-part seal for a slide-out room product.

**THE PARTIES**

2.     Plaintiff LTI is a corporation organized and existing under the laws of the State of Minnesota having a principal place of business at 53208 Columbia Drive, Elkhart, Indiana 46514.

3.     Defendant Trim-Lok is a corporation organized and existing under the laws of the State of California having a principal place of business at 6855 Hermosa Circle, Buena Park, CA 90622.

1

## JURISDICTION AND VENUE

4.　This is an action for patent infringement arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.　Defendant offers for sale and/or sells infringing products which are the subject of the patent infringement cause of action set forth herein.

6.　Defendant has offered for sale and/or sold infringing products within this judicial district.

7.　This Court has personal jurisdiction over Defendant.

8.　Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1400(b).

## PATENT-IN-SUIT

9.　On November 22, 2005, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,966,590 ("the '590 patent"), which is attached hereto as Exhibit A.

10.　Plaintiff LTI is the owner of all right, title and interest in and to the '590 patent, including the right to sue for and recover all past, present and future damages for infringement of the '590 patent.

## DEFENDANT'S INFRINGING ACTS

11.　Trim-Lok makes, uses, sells, offers for sale and/or imports a Two Part Seal that infringes one or more claims of the '590 patent under United States law. These Two Part Seals include a mounting portion and a separate bulb portion that is slidably connected to the mounting portion.

### COUNT 1
### (DIRECT INFRINGEMENT OF THE '590 PATENT)

12.　Plaintiff repeats and realleges the allegations of Paragraphs 1 to 11 above, as if

2

set forth herein.

13.     Trim-Lok has infringed and is infringing at least claim 1 of the '590 patent by making, using, offering for sale and/or selling its Two Part Seals and will continue to do so unless enjoined by this Court.

## COUNT 2
## (INDIRECT INFRINGEMENT OF THE '590 PATENT)

14.     Plaintiff repeats and realleges the allegations of Paragraphs 1-13 above, as if set forth herein.

15.     Trim-Lok indirectly infringes and indirectly infringes by doctrine of equivalents.

16.     Trim-Lok has taken active steps to induce an underlying direct infringement and has done so with specific intent.  The underlying direct infringement may be analyzed according to the direct allegations under Count 1 above by either literal or by doctrine of equivalents.

17.     Trim-Lok has induced at least Forest River Inc. ("Forest River") to incorporate the Two Part Seal in its Recreational Vehicles ("RVs") having slide out rooms.

18.     Offer for sale and/or sale of the Two Part Seal to RV manufacturers Forest River is especially adapted to be used to seal the slide out rooms of RVs, and as such is especially made or especially adapted for use in an infringement of the '590 patent.  The Two Part Seal is not a staple article or commodity of commerce suitable for substantial non-infringing use under 35 U.S.C. § 271(c).

19.     The Two Part Seal has no non-infringing uses; the Two Part Seal is only suitable for use to seal slide out rooms of RVs.

## COUNT 3
## (INDUCED INFRINGEMENT OF THE '590 PATENT)

20.     Plaintiff repeats and realleges the allegations of Paragraphs 1 to 19 above, as if set forth herein.

3

21.     Trim-Lok has demonstrated specific intent to induce infringement of the '590 patent through contacts with Forest River and/or other RV manufacturers.

22.     Trim-Lok, in particular has demonstrated its influence over Forest River.

23.     It may be inferred that Trim-Lok intends that which is the natural and probable consequences of its acts, namely, to incorporate and encourage the integration of Trim-Lok's Two Part Seal into products produced by RV manufacturers such as Forest River knowing that such activities will infringe LTI's '590 patent, and that when voluntarily and willfully doing such, the direct and natural result will cause injury to LTI's abilities to build its own business.  Such injury was the specific intent of Trim-Lok.

24.     By inducing RV manufacturers, including Forest River, to incorporate Trim-Lok's product into their RVs, both Trim-Lok and the RV manufacturers incorporating the Two Part Seal are committing direct infringement.

25.     RV manufacturers were influenced by Trim-Lok to include the Two Part Seal as a component of their RVs, knowing that such combination would fulfill all elements of at least Claim 1 of the '590 patent.

26.     Trim-Lok possessed specific intent to encourage another's infringement by encouraging the selling of RVs having the Two Part Seal.

27.     Trim-Lok's encouragement of the RV manufacturers was evinced through at least their production of infringing seals and sales calls to the RV manufacturers, including Forest River, regarding the same and test fitting Trim-Lok's Two Part Seal on Forest River's RVs having slide out rooms.

28.     The specific acts of a defendant in the inducement need not be direct infringement so long as there is an underlying direct infringement occurring.

29.     Underlying direct infringement of the '590 patent does not require a single product be sold.  If a product is being used, made, manufactured, or offered for sale by an individual or

4

group controlled or influenced by Trim-Lok, without authorization from LTI, there is an underlying direct infringement.

30.    Because Ed Ksiezopolski was able to obtain the Two Part Seal and because Ed Ksiezopolski was told such products were offered for sale to RV manufacturers, including Forest River, infringing products have therefore been made, used, and offered for sale as of the date of this complaint.

31.    On July 12, 2013, Trim-Lok received a letter notifying it of the '590 patent, therefore Trim-Lok knew about the '590 patent at least as early as that time.

32.    Based upon the foregoing, LTI alleges that Trim-Lok, through its influence and control, took active steps to encourage another's infringement by encouraging RV manufactures to include the Two Part Seal in their RVs, thereby inducing others to make infringing products.

33.    Based on the foregoing, LTI alleges that Trim-Lok, through its influence and control over RV manufacturers and customers, took active steps to encourage another's infringement by encouraging RV manufacturers to make and sell infringing products, thereby inducing others to use infringing products and offer those products to be sold.

34.    All entities who knowingly make, manufacture, use, sell, or offer to sell the infringing products directly infringe the '590 patent, and Trim-Lok knew, or should have known, that their acts would cause such direct infringement.


## COUNT 4
## (CONTRIBUTORY INFRINGEMENT OF THE '590 PATENT)

35.    Plaintiff repeats and realleges the allegations of Paragraphs 1 to 34 above, as if set forth herein.

36.    The Two Part Seal being made and offered for sale by Trim-Lok is being made and offered for sale by Trim-Lok directly and through their influence to RV manufacturers.

37.     The Two Part Seal does not have substantial non-infringing uses; the only use of the Two Part Seal is in combination with an RV slide out room.

38.     Trim-Lok has knowledge of the non-staple nature of the Two Part Seal.

39.     Trim-Lok at least offered for sale the Two Part Seal to RV manufacturers.

40.     Trim-Lok has not offered to buy or license the '590 patent from LTI.

41.     The above alleged activities have occurred within the United States of America.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment that:

A.      the '590 patent is directly infringed by Defendant;

B.      the '590 patent is indirectly infringed by Defendant;

C.      the Defendant induced infringement of the '590 patent;

D.      the Defendant has contributorily infringed the '590 patent;

E.      Defendant's infringement of the '590 patent has been willful;

F.      Defendant be preliminarily and permanently enjoined from manufacturing, using, selling and offering to sell the infringing products in the United States prior to the expiration of the '590 patent;

G.      Plaintiff be awarded damages adequate to compensate it for Defendant's infringement of the '590 patent including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

H.      This case is exceptional within the meaning of 35 U.S.C. § 285, and that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to Plaintiff; and

I.      Plaintiff be awarded such further relief as the Court may deem just, necessary, and/or proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

S/Michael D. Marston
Michael D. Marston

Dated: November 20, 2013

Respectfully submitted,

S/Michael D. Marston
Michael D. Marston
Botkin & Hall, LLP
Suite 400, Jefferson Centre
106 East Jefferson Blvd.
South Bend, IN 46601-1913
Phone: (574) 234-3900
Facsimile: (574) 236-2839
E-mail mmarston@bhlawyers.net


_____

Mark D. Boveri
Boveri Murphy Rice, LLP
400 Plaza Building
210 S. Michigan Street
South Bend, IN 46601
Telephone: (574) 232-0300
E-mail mboveri@bmrllp.com

*Attorneys for Plaintiff, Lifetime Industries, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

S/Michael D. Marston
Michael D. Marston

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| LIFETIME INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 3:13CV819 |
| | ) | |
| TRIM-LOK, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**TRIM-LOK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant Trim-Lok, Inc. ("Trim-Lok") hereby moves the Court under Federal Rules of Civil Procedure 12(b)(6) for an order dismissing this action. Dismissal of this case is appropriate because Plaintiff Lifetime Industries, Inc. ("LTI") has failed to allege sufficient facts to put Trim-Lok on notice of the allegedly infringing activity. In addition, LTI has failed to allege any facts from which the Court can infer the scienter requirement for induced and contributory infringement. Furthermore, LTI has failed to provide any facts from which the Court can infer that any accused product has a substantially non-infringing use.

///

///

///

In support of this motion, Trim-Lok files herewith The Memorandum of Points and Authorities, Trim-Lok's Request for Judicial Notice, and the Declaration of C. Wook Pak.

Respectfully submitted,

CISLO & THOMAS LLP

Dated: December 4, 2013          By:   /s/Daniel M. Cislo
                                       Daniel M. Cislo, Esq. No.125, 378
                                       C. Wook Pak, Esq. No. 244,780
                                       1333 2nd Street, Suite 500
                                       Santa Monica, CA 90401
                                       Telephone (310) 451-0647
                                       Fax: 310.394.4477
                                       *Attorneys for Defendant, TRIM-LOK, INC.*

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LIFETIME INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:13-CV-819 RLM-CAN |
| | ) | |
| TRIM-LOK, INC. | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

Lifetime Industries, Inc. is suing Trim-Lok, Inc. for infringing its '590 patent in a variety of ways. The court can't tell from the complaint precisely which Trim-Lok product or products allegedly infringe, but Lifetime says Trim-Lok knows, and that it's complaint is specific enough to satisfy Rule 8 of the Federal Rules of Civil Procedure. How much specificity is required in a complaint is the central issue presented by Trim-Lok's motion to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). For the reasons that follow, the court grants the motion to dismiss.

Lifetime cites the standard by which federal complaints were judged for fifty years: viewing the complaint's well-pleaded allegation in the light most favorable to the plaintiff, does it appear beyond doubt that the plaintiff can prove no set of facts consistent with the complaint upon which relief can be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The courts' understanding of Rule 8's requirements have changed in recent years.

We still have a notice pleading model in which a plaintiff needn't include every fact in the complaint. Alexander v. United States, 721 F.3d 418, 421 (7th Cir. 2013). And we still accept as true all of the facts pleaded in the complaint and view them in the light most favorable to the plaintiff. Carlson v. CSX Transp., Inc., 758 F.3d 819, 826 (7th Cir. 2014). And we still allow plaintiffs opposing a dismissal motion to hypothesize facts not alleged in the complaint to show that relief can be granted consistent with the complaint, Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146-1147 (7th Cir. 2010), or to submit additional papers and exhibits, not to prove the complaint's allegations, but rather as illustrations of what can be proven consistent with the complaint to entitle the plaintiff to relief. Geinosky v. City of Chicago, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

But while a plaintiff can supplement the complaint with hypotheticals or illustrations, those procedures don't affect the complaint's sufficiency as they might once have. That the complaint's allegations "could be true is no longer enough to save it." Atkins v. City of Chicago, 631 F.3d 823, 831 (7th Cir. 2011). It's no longer enough to simply allege the elements of the claim. Redd v. Nolan, 663 F.3d 287, 291 (7th Cir. 2011).

Federal Rule of Civil Procedure 8(a)(2) still requires a short and plain statement of the facts, but it's now understood to require the complaint to contain factual allegations that, when assumed to be true, show the plaintiff's entitlement to the relief sought in the complaint. See Bond v. Atkinson, 728 F.3d 690, 693 (7th Cir. 2013); Smith v. Knox County Jail, 666 F.3d 1037, 1039 (7th Cir. 2012).

2

The complaint must show that the claims are plausible — meaning the complaint has "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, <u>McReynolds v. Merrill Lynch & Co.</u>, 694 F.3d 873, 885 (7th Cir. 2012) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)), or to "raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegation." <u>Independent Trust Corp. v. Stewart Information Svcs. Corp.</u>, 665 F.3d 930, 935 (7th Cir. 2012) (quoting <u>Bell Atlantic Corp. v. Twombley</u>, 550 U.S. 544, 556 (2007)).

The allegations needn't be probable, <u>Alexander v. United States</u>, 721 F.3d at 418, but it's not enough that the allegations be simply consistent with facts that would allow recovery. <u>Bell Atlantic Corp. v. Twombley</u>, 550 U.S. 544, 557 (2007); <u>Lavalais v. Village of Melrose Park</u>, 734 F.3d 629, 632-633 (7th Cir. 2013); <u>Virnich v. Vorwald</u>, 664 F.3d 206, 213 (7th Cir. 2011). Conclusory allegations are permissible to provide an outline of the plaintiff's theory or case, <u>Engel v. Buchanan</u>, 710 F.3d 698, 709 (7th Cir. 2013), but courts don't deem conclusory allegations to be true when evaluating the complaint's sufficiency under Rule 8(a)(2). <u>Cincinnati Life Ins. Co. v. Beyrer</u>, 722 F.3d 939, 946 (7th Cir. 2013); <u>Ray v. City of Chicago</u>, 629 F.3d 660, 662 (7th Cir. 2011).

Lifetime's first amended complaint covers seven pages and consists of forty-one rhetorical paragraphs; the '590 patent is attached. The first eight paragraphs identify the parties and the court's jurisdiction; the next two allege the existence, and Lifetime's ownership, of the '590 patent. Paragraph 11 sets out Trim-Lok's

3

infringing acts this way: "Trim-Lok makes, uses, sells, offers for sale and/or imports a Two Part Seal that infringes one or more claims of the '590 patent under United States law. These Two Part Seals include a mounting portion and a separate bulb portion that is slidably connected to the mounting portion." The remaining rhetorical paragraphs are divided into four counts.

Count 1 tries to allege direct infringement, but it doesn't appear to make any factual allegations. Paragraphs 12 and 13 incorporate paragraphs 1-11 and offer this conclusory allegation: "Trim-Lok has infringed and is infringing at least claim 1 of the '590 patent by making, using, offering for sale and/or selling its Two Part Seals and will continue to do so unless enjoined by this Court." This is a conclusory allegation that simply recites the elements of the claim. *See* Virnich v. Vorwald, 664 F.3d at 213. Based on the preceding discussion of today's pleading requirements, this conclusory paragraph states no claim on which relief can be granted. It doesn't allege facts sufficient to state a plausible claim for relief. *See, e.g.*, Charleston v. Board of Trustees of Univ. of Illinois at Chicago, 741 F.3d 769, 772-773 (7th Cir. 2013) (due process claim: "All that his complaint alleges is that Charleston's dismissal was in violation of the university's 'Student Disciplinary Policy' and 'University Statutes.' Charleston does not describe the specific promises that the university made to him through its disciplinary policy, nor does he identify these 'University Statutes' and their contents.").

Count 2 tries to allege indirect infringement. Paragraphs 15-19 offer a variety of conclusions: that Trim-Lok indirectly infringes and indirectly infringes

4

by the doctrine of equivalents; that Trim-Lok has taken active steps, "with specific intent," to induce an underlying direct infringement, inducing Forest River Inc., to incorporate Trim-Lok's Two Part Seal in its Recreational Vehicles with slide out rooms; and offering the Two Part Seal for sale; that the Two Part Seal isn't a staple article or commodity of commerce suitable for substantial non-infringing use; and that the Two Part Seal has no non-infringing uses.

The last clause in Count 2 alleges that, "the Two Part Seal is only suitable for use to seal slide out rooms of RVs." That clause is nearly a factual allegation, but without further factual explanation it doesn't quite make it. As it is, the allegation remains at "speculative", rather than "plausible", level. See Atkins v. City of Chicago, 631 F.3d 823, 832 (7th Cir. 2011).

Count 2 alleges no facts that would entitled Lifetime to judgment on an indirect infringement claim, with our without the doctrine of equivalents.

Count 3 tries to allege induced infringement. Trim-Lok contends that Limelight Networks, Inc. v. Akami Technologies, Inc., ___ U.S. ___, 134 S. Ct. 2111 (2014), eradicates any induced infringement claim, and it looks as if Trim-Lok is probably right. Even before the Supreme Court decided Limelight Networks, though, Count 3 alleged too few facts to survive the dismissal motion.

Rhetorical paragraphs 21-22 and 24-27 put forth these conclusory allegations: that Trim-Lok has shown its specific intent to induce infringement and has demonstrated its influence over Forest River; due to that inducement, Trim-Lok and other RV manufacturers influenced by Trim-Lok are committing

5

direct infringement; that the RV manufacturers knew using the Two Part Seal as a component of their RVs would fulfill all elements of at least Claim 1 of the '590 patent; that Trim-Lok specifically intended to encourage infringement, as shown by their production of infringing seals and sales calls to the RV manufacturers, including Forest River. Paragraphs 28, 29, and 34 set forth (at least what had been) the law of inducing infringement.

Paragraphs 30 and 31 contain factual allegations:

> 30. Because Ed Ksiezopolski was able to obtain the Two Part Seal and because Ed Ksiezopolski was told such products were offered for sale to RV manufacturers, including Forest River, infringing products have therefore been made, used, and offered for sale as of the date of this complaint.
> 31. On July 12, 2013, Trim-Lok received a letter notifying it of the '590 patent, therefore Trim-Lok knew about the '590 patent at least as early as that time.

Paragraphs 23 and 32 approach factual allegations. Paragraph 23 says Trim-Lok can be inferred to intend that natural and probable consequences of its actions; paragraph 32 says that based on the paragraphs that came before it, Trim-Lok took active steps to encourage another's infringement of Lifetime's patent. As with the factual allegation in count 2, without further factual explanation, these are conclusions that read almost like facts. *See, e.g.,* McReynolds v. Merrill Lynch & Co., 694 F.3d 873, 885 (7th Cir. 2012) ("the allegations that Merrill Lynch knew that the production-credit system had a disparate impact on black brokers are legally insufficient. Instead, the complaint must allege enough factual content to support an inference that the retention program itself was adopted because of its adverse effects on black brokers.").

6

The only facts alleged in count 3 are that Trim-Lok knew of the '590 patent because it got a letter, and someone named Ed Ksiezopolski acquired a Trim-Lok product and heard that the product was being sold to RV manufacturers. Those facts don't now, and didn't before <u>Limelight Networks</u>, made out a claim of inducing infringement.

Count 4 of the complaint tries to allege contributory infringement. It contains the following factual allegations: that Trim-Lok is making the Two Part Seal and offering it for sale to RV manufacturers; and that Trim-Lok hasn't offered to buy or license Lifetime's patent. The remaining allegations of Count 4 are conclusory. Count 4 doesn't state a claim on which relief can be granted.

So the first amended complaint must be dismissed for failure to state a claim. Trim-Lok argues that since Lifetime already has had two bites at the apple (Trim-Lok withdrew the original complaint in favor of this amended complaint), the court shouldn't give Lifetime another chance to get it right. In fairness to Lifetime, its complaint tracked Form 18, which Federal Rule of Civil Procedure 84 says will suffice under the Rules. Form 18 was drafted well before modern pleading standards came into play, and no longer constitutes an exemplar of an adequately pleaded complaint. *See* <u>K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.</u>, 714 F.3d 1277, 1283-1284 (Fed. Cir. 2013). For that and similar reasons, the Rules Advisory Committee has recommended to the Supreme Court that Rule 84 be removed from the federal rules. In any event, it would be inequitable to deny an opportunity to amend to a plaintiff who followed Rule 84, but not Rule 8(a)(2).

7

The court GRANTS the defendant's motion to dismiss for failure to state a claim upon which relief can be granted [Doc. No.17] and affords the plaintiff 21 days from the date of this order within which to file an amended complaint. If no amended complaint is filed, the clerk shall enter judgment for the defendant.

ENTERED:   September 22, 2014

_____/s/ Robert L. Miller, Jr._____
Robert L. Miller, Jr., Judge
United States District Court

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| LIFETIME INDUSTRIES, INC. | ) | |
| 53208 Columbia Drive | ) | |
| Elkhart, Indiana 46514 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:13-cv-819 |
| | ) | |
| TRIM –LOK, Inc. | ) | |
| 6855 Hermosa Circle | ) | **JURY TRIAL DEMAND** |
| Buena Park, CA 90622 | ) | |
| | ) | |
| Defendant. | ) | |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Lifetime Industries, Inc. ("LTI"), by and through the undersigned counsel, files this Second Amended Complaint for patent infringement against, Trim-Lok, Inc. (the "Defendant"), and hereby alleges as follows:

**NATURE OF THE ACTION**

1.     This is a civil action for patent infringement. Plaintiff's claims are based on the unauthorized, infringing manufacture, use, sale and offer for sale by Defendant of seal products including, for example, the two-part seal for a slide-out room product.

**THE PARTIES**

2.     LTI ("Plaintiff") is a corporation organized and existing under the laws of the State of Minnesota having a principal place of business at 53208 Columbia Drive, Elkhart, Indiana 46514.

3.     Defendant is a corporation organized and existing under the laws of the State of California having a principal place of business at 6855 Hermosa Circle, Buena Park, CA 90622.

1

## JURISDICTION AND VENUE

4.      This is an action for patent infringement of United States Patent No. 6,966,590 ("the '590 patent") arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285.  Plaintiff owns the '590 patent and holds rights to sue and recover damages for infringement thereof, including past infringement.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Defendant makes, offers for sale and sells infringing products which are the subject of the patent infringement cause of action set forth herein.

6.      Defendant has made, offered for sale and sold infringing products within this judicial district.

7.      This Court has personal jurisdiction over Defendant.  Defendant does and has done substantial business in this District by placing its products, including those that infringe Plaintiff's patent, into the stream of commerce.  Plaintiff has committed and continues to commit acts of patent infringement in this district.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1400(b) because Defendant is subject to personal jurisdiction in this district and has committed and continues to commit acts of patent infringement that give rise to the claims alleged within this district.

## PATENT-IN-SUIT

9.      On November 22, 2005, the United States Patent and Trademark Office duly and legally issued the '590 patent, titled "Two-Part Seal for a Slide-Out Room".  A true and correct copy of the '590 patent is attached to this complaint as Exhibit A.

10.     Plaintiff is the owner of all right, title and interest in and to the '590 patent, including the right to sue for and recover all past, present and future damages for infringement of the '590 patent.

11.     All maintenance fees for the '590 patent which have come due have been paid and

2

the patent has not expired.

12.     Forest River ("Forest River") manufactures and sells recreational vehicles and mobile living quarters (each an "RV") from its facilities in Elkhart County, Indiana.   A nationwide network of distributors and resellers offer RVs manufactured by Forest River for sale to the general public.

13.     Plaintiff currently produces, sells, and distributes two-part seals covered by the '590 patent under the name EK-Seal and KE-Seal (collectively, "LTI Seals").   The LTI Seals include a mounting portion and a separate bulb portion that is slidably connected to the mounting portion.   LTI Seals as covered by the '590 patent are shown in Exhibit B.

14.     Defendant makes, uses, sells, and offers for sale a two part seal ("Accused Product") that infringes one or more claims of the '590 patent under United States law.   The Accused Product is shown in Exhibit B.

15.     In or around June 2013, Defendant's employees or representatives or agents assisted with the installation, directed the installation, or directly installed the Accused Product on an RV at Forest River for use with a slide-out room.

16.     Ed Ksiezopolski, a representative of Plaintiff, discovered the Accused Product upon a visit to Forest River at its Elkhart, IN manufacturing plant in June 2013.   The Accused Product was installed on an RV manufactured by Forest River.   Plaintiff learned at that time that Defendant was offering for sale the Accused Product specifically for installation and use on a slide-out opening on an RV.   The Accused Product was mounted adjacent to the opening for the slide-out room on the Forest River RV.

17.     Andrew Busch ("Busch"), an engineer employed by LTI, left LTI on or around March 1, 2013.   Busch had knowledge of the '590 patent and products covered thereby.   Busch participated in the design of the LTI Seals while employed by LTI.   Within one month of leaving LTI, Busch began employment at Defendant.   Defendant had notice of the '590 patent at the time

3

Busch began employment at Defendant. Busch was employed by Defendant before June, 2013 and continues to be employed by Defendant.

18. Daryl Torrey ("Torrey"), an engineer employed by LTI, left LTI on or around May 3, 2013. Torrey had knowledge of the '590 patent and the products covered thereby. Torrey participated in the design of the manufacturing equipment and tooling for LTI products covered by the '590 patent while employed at LTI. Within one month of leaving LTI, Torrey began employment at Defendant. Torrey was employed by Defendant before June, 2013 and continues to be employed by Defendant.

19. Trim-Lok has gained knowledge of LTI's '590 patent from at least one former LTI employee before June, 2013.

20. Defendant has sold or offered for sale the Accused Product to at least one manufacturer, Forest River, who manufactures RVs with slide-out rooms. Defendant has acknowledged that it has actively offered the Accused Product for sale and use with RV slide-out rooms.

21. A cease and desist letter was sent to Dan Whitener, the marketing manager of Defendant, on July 12, 2013. As least as early as the receipt of that letter, Defendant had knowledge of the '590 patent and Plaintiff's accusation of infringement. Defendant has acknowledged receipt of this letter. The cease and desist letter (Exhibit C) specifically referenced the '590 patent and Accused Product.

22. Defendant continued to make, offer for sale and sell the Accused Product after receiving the cease and desist letter.

23. Defendant has not offered to buy or license the '590 patent from LTI.

24. Defendant has offered the Accused Product for sale to RV manufacturers, specifically for use with slide-out rooms.

4

## COUNT 1: INFRINGEMENT OF THE '590 PATENT

25.    Paragraphs 1 through 24 of Plaintiff's complaint are incorporated into Count 1 of Plaintiff's Complaint as if fully set forth herein.

26.    Defendant, without authorization by Plaintiff, has directly infringed and continues to infringe at least one claim of the '590 patent in violation of 35 U.S.C. §271(a), literally or by doctrine of equivalents by making, using, offering for sale and selling the Accused Product on RVs, or by combining the Accused Product with RVs having slide out rooms in the United States.

27.    Claim 1 of the '590 patent covers a resilient seal used in combination with mobile living quarters, which includes RVs.  An RV according to Claim 1 has a slide-out room defining an interior space, and having a first sidewall having an exterior side with an opening through the first sidewall in which the slide-out room is shifted between open and closed positions.  The slide-out room includes a second sidewall spaced from the first sidewall and an end wall defining interior space within the slide-out room.  The slide out room includes a peripheral flange that overlaps the first sidewall when the slide-out room is in its closed position.  The seal according to Claim 1 has a mounting portion attached to the first sidewall along the opening and a separate bulb portion.  The bulb portion is slidably connected to the mounting portion for compressible contact with the flange of the exterior wall when the slide-out room is in its closed position.  The Accused Product is manufactured for use with an RV with a slide-out room and was found to be installed by persons other than LTI on a Forest River RV with in combination with a slide-out room.  The Accused Product has a mounting portion (Ex. B, Mounting Portion), which was attached to the first sidewall.  The Accused Product further contains a separate bulb portion (Ex. B, Bulb Portion) that is slidably connected to the mounting portion (Ex. B, Mounting Portion). As installed on the RV at Forest River, the bulb portion has compressible contact with the flange of the exterior wall.  The Accused Product contains each and every element of Claim 1, and therefore infringe Claim 1.

5

28.     Claim 2 of the '590 patent depends from Claim 1 and further specifies a tongue and groove connection between the bulb and mounting portion.  The Accused Product utilizes a tongue and groove design to connect the bulb portion to the mounting portion (EX. B, Page 2). The Accused Product contains each and every element of Claim 2, and therefore infringe Claim 2.

29.     Claim 3 of the '590 patent depends from Claim 1 and further specifies a wiper portion to slide along the side wall of the slide-out room.  The Accused Product includes a wiper portion (Ex. B, Wiper Portion).  The Accused Product contains each and every element of Claim 3, and therefore infringes Claim 3.

30.     Claim 4 of the '590 patent depends from Claim 3 and further specifies a fastener through the mounting portion for attaching the mounting portion to the first sidewall, and an adhesive between the mounting portion and the first sidewall, and the fastener is covered by the bulb portion.  The Accused Product includes an adhesive (Ex. B, Adhesive) and was attached to the first sidewall of the RV manufactured by Forest River using fasteners.  The Accused Product contains each and every element of Claim 4, and therefore infringe Claim 4.

31.     Claim 5 of the '590 patent depends from Claim 4 and further specifies the mounting portion is attached to the exterior side of the first sidewall.  As installed on the RV manufactured by Forest River, the mounting portion is installed on the exterior side of the first sidewall.  The Accused Product contains each and every element of Claim 5, and therefore infringes Claim 5.

32.     Claim 6 of the '590 patent covers a method of attaching a seal to mobile living quarters having a slide-out room defining an interior space, and having a first sidewall having an exterior side with an opening through first sidewall in which the slide-out room is shifted between open and closed positions.  The slide-out room includes a second sidewall spaced from the first sidewall and an end wall defining interior space within the slide-out room.  The slide out room

6

Appx193

includes a peripheral flange that overlaps the first sidewall when the slide-out room is in its closed position.  The seal includes an elongated mounting portion and an elongated bulb seal portion, Claim 6 includes the following steps:

> a) affixing the mounting portion to the first wall adjacent to the opening using both adhesive and mechanical fasteners;

> b) attaching the bulb seal portion to locate the bulb portion in compressed engagement with and between the first sidewall and the flange when the slide-out room is in its closed position;

> c) sliding the bulb seal along the attached mounting to a selected position; and

> d) maintaining the selected position of the bulb seal portion to the mounting portion by fastening the bulb seal portion to the mounting portion.

Defendant installed the Accused Product according to the steps of Claim 6, and therefore infringes Claim 6.

33.    At least one representative, agent, or employee of the Defendant visited an Elkhart, Indiana, Forest River manufacturing plant where RVs are manufactured in or around June 2013.  This individual was acting on behalf of the Defendant.  While at Forest River, Defendant's representative, agent, or employee assisted with the installation, directed the installation, or directly installed the Accused Product on an RV having a slide-out room.  The installation was for the purpose of test fitting the Accused Product on a Forest River RV having a slide-out room and to solicit sales of the Accused Product to Forest River.

34.    Defendant was aware Forest River would only use the Accused Product on RVs having slide-out rooms and the RV at Forest River was chosen to have the Accused Product installed upon it because it had a slide-out room.

35.    After installing the Accused Product in a Forest River RV, the individual installing the Accused Product attempted to conceal his or her activities by gathering gather all scraps of

7

the Accused Product left from cutting the same to fit the Forest River RV and removed the scraps from Forest River's facility.

36.     Plaintiff will knowingly continue to engage in infringing behavior unless enjoined by this Court and has made, offered for sale and sold the infringing Accused Product after knowing of the '590 patent.  This case is exceptional within the meaning of 35 U.S.C. § 285.

### COUNT 2: INDUCED INFRINGEMENT OF THE '590 PATENT

37.     Paragraphs 1 through 36 of Plaintiff's Complaint are incorporated in Count 2 of Plaintiff's Complaint as if fully set forth herein.

38.     Defendant, without authorization by Plaintiff, has knowingly induced and continues to induce Forest River Inc. ("Forest River") to infringe at least one claim of the '590 patent in violation of 35 U.S.C. §271(b), by encouraging Defendant's customers, resellers, and distributors, to make, use, offer for sale and sell the Accused Product in combination with RVs having slide-out rooms in the United States.  Defendant knowingly caused Forest River to incorporate the Accused Product into RVs having slide-out rooms and intentionally caused Forest River to commit acts which constituted direct infringement of the '590 patent.  The activities of the Defendant with regard to Forest River constituted induced infringement by the Defendant.

39.     The Accused Product as installed on an RV infringes at least one claim of the '590 patent.

40.     Forest River's making, using, offering for sale and selling of an RV having the Accused Product constitutes infringement.

41.     Defendant knowingly targeted Forest River, to incorporate the Accused Product into RVs with slide-out rooms.  Defendant knew that Forest River would incorporate the Accused Product into an RV having a slide-out room.

42.     Defendant influenced Forest River to include the Accused Product as a component

8

of their RVs, knowing that such combination would fulfill all elements of at least one claim of the '590 patent. Further, Defendant possessed specific intent to encourage another's infringement by encouraging the use of the Accused Product on RVs with slide-out rooms.

43.    Because employees or representatives or agents of Defendant assisted in the installation, directed the installation the Accused Product at Forest River, Defendant has shown intent to induce infringement of the '590 patent by Forest River.

44.    Defendant's intent to make, use, offer for sale and sell Accused Product was specific for use on RVs having slide-out rooms. Defendants only solicited sales of Accused Product to Forest River for making RVs with slide-out rooms.

45.    It can be inferred from the Defendant's sales calls, visits, and installation of the Accused Product on RVs with slide-out rooms that Defendant intended the Accused Product be used on RVs with slide-out rooms.

46.    By supplying Forest River with the Accused Product, the Forest River incorporated the Accused Product into an RV and therefore were induced to infringe the '590 patent.

### COUNT 3: CONTRIBUTORY INFRINGEMENT OF THE '590 PATENT

47.    Paragraphs 1 through 46 of this Complaint are incorporated in Count 3 of Plaintiff's Complaint as if fully set forth herein.

48.    Defendant, without authorization by Plaintiff, has and continues to knowingly contribute to infringement by Forest River of at least one claim of the '590 patent in violation of 35 U.S.C. § 271(c), by making, using, offering for sale and selling the Accused Product on RVs with slide-out rooms in the United States. Such making, using, offering for sale and selling the Accused Product to Forest River the United States with the knowledge that it is especially adapted for infringing constitutes contributory infringement by Defendant. Defendant knows, for the reasons described above, that the Accused Product is made specifically and adapted for

infringing the '590 patent.

49.     The Accused Product as installed on an RV infringes at least one claim of the '590 patent.

50.     Forest River's making, using, offering for sale and selling of an RV having the Accused Product constitutes infringement.

51.     Because employees or representatives or agents of Defendant assisted in the installation, and directed the installation of the Accused product at Forest River, Defendant has shown intent to contribute and contributed to the infringement of the '590 patent by Forest River.

52.     Defendants intended the installation of the Accused Product in in an infringing manner and this is shown by production of Accused Product and sales calls to Forest River, regarding the Accused Product and Defendant's knowledge that Forest River would install the Accused Product on RVs having slide-out rooms.

53.     It can be inferred from the Defendant's sales calls, visits, and installation of Accused Product on RVs with slide-out rooms that Defendant knew the accused product would be used on RVs with slide-out rooms.

54.     Defendant, through its influence and control, knowingly took active steps to contribute to another's infringement by assisting RV manufactures to include the Accused Product in their RVs having slide-out rooms, thereby contributing to others in making infringing products.

55.     Defendant was aware Forest River could only use the Accused Product on RVs having slide-out rooms.

56.     Forest River requested a quote from Defendants on the Accused Product for use on RVs having slide-out rooms.  Further, Forest River only installed the Accused Product on RVs having slide-out rooms.

57.     All components of the Accused Product are not staple articles of commerce

10

suitable for non-infringing use, at least because the components or assembly of the Accused Product has no use apart from sealing a slide-out room.  Defendant's customers, including Forest River, only intend the Accused Product to be used on their RVs having slide-out rooms.

58.    Forest River was aware of or participated in the aforementioned installation of the Accused Product on the Forest River RV.

### DEMAND FOR JURY  T R I A L

Pursuant to Federal Rules of Civil Procedure 38(b), LTI demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, LTI respectfully prays that this Court enter judgment in its favor:

a)  declaring the '590 patent is directly infringed by Defendant;

b)  declaring the Defendant induced infringement of the '590 patent;

c)  declaring the Defendant has contributorily infringed the '590 patent;

d)  declaring Defendant's infringement of the '590 patent has been willful;

e)  declaring Defendant be preliminarily and permanently enjoined from manufacturing, using, selling and offering to sell the infringing products in the United States prior to the expiration of the '590 patent;

f)  awarding damages adequate to compensate it for Defendant's infringement of the '590 patent including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

g)  awarding all costs and expenses of this action, including reasonable attorneys' fees; and

h)  awarding Plaintiff such further relief as the Court may deem just, necessary, and proper.

11

S/Michael D. Marston
Michael D. Marston


Dated:  October 13, 2014                    Respectfully submitted,

S/Michael D. Marston
Michael D. Marston
Botkin & Hall, LLP
Suite 400, Jefferson Centre
106 East Jefferson Blvd.
South Bend, IN 46601-1913
Phone: (574) 234-3900
Facsimile: (574) 236-2839
E-mail mmarston@bhlawyers.net


_____
Mark D. Boveri
Krieg DeVault LLP
4101 Edison Lakes Parkway Suite 100
Mishawaka, IN 46545
Telephone: (574) 485-2007
E-mail mboveri@kdlegal.com
*Attorneys for Plaintiff, Lifetime Industries, Inc.*

12



**Accused Products**

Bulb Portion

Tongue & Groove

Mounting Portion

Adhesive

Wiper Portion



**KE Seal**

Bulb Portion

Tongue & Groove

Mounting Portion

Adhesive

Wiper Portion



**EK Seal**

Bulb Portion

Tongue & Groove

Mounting Portion

Adhesive

Wiper Portion